JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    vs.<br><br>HUNTER ANN HULETT; AMERICAN FACILITY MANAGEMENT, INC. d/b/a MARINA MASSAGE; JONATHAN LIEBHOLD; MARINA MASSAGE, LLC; CHUNG SENG KUCH; and DOES 1 through 10,<br><br>    Defendants. | Case No. 2:21-cv-08284-MCS-KS<br><br>**JUDGMENT** |

    Pursuant to the Court's Order Re: Application for Default Judgment (ECF No. 79) [ECF 87], which was entered on October 26, 2022, IT IS ADJUDGED THAT:

    1.    Judgment is hereby entered against Marina Massage, LLC and Chung Seng Kuch, and in favor of Mesa Underwriters Specialty Insurance Company ("MUSIC"), on MUSIC's First Cause of Action for Declaratory Relief – No Duty to Defend the Underlying Action. Defense coverage did not, and does not, exist for Marina Massage, LLC or Kuch under commercial insurance policy no. MP0004007011785, issued by MUSIC to Named Insured American Facility Management, Inc. d/b/a Marina Massage

("AFM") for the policy period January 30, 2019 to January 30, 2020 ("Policy") for the underlying action filed by Hunter Ann Hulett against AFM, Jonathan Liebhold ("Liebhold"), Marina Massage, LLC, and Kuch, captioned *Hulett v. Marina Massage, LLC, et al.*, Los Angeles Superior Court Case No. 20STCV15089 ("Underlying Action"). Therefore, MUSIC had, and has, no duty to defend Marina Massage, LLC or Kuch against the Underlying Action under the Policy.

2. Judgment is hereby entered against Marina Massage, LLC and Kuch, and in favor of MUSIC, on MUSIC's Second Cause of Action for Declaratory Relief – No Duty to Indemnify as to the Underlying Action. Indemnity coverage did not, and does not, exist for Marina Massage, LLC or Kuch under the Policy for the Underlying Action. Therefore, MUSIC had, and has, no duty to indemnify Marina Massage, LLC or Kuch against the Underlying Action under the Policy.

3. Judgment is hereby entered against AFM and Liebhold, and in favor of MUSIC, on MUSIC's Third Cause of Action for Declaratory Relief – No Duty to Defend the Underlying Action. Defense coverage did not, and does not, exist for AFM or Liebhold under Coverage A – Bodily Injury and Property Damage Liability ("Coverage A"), Coverage B – Personal and Advertising Injury Liability ("Coverage B"), Coverage C – Medical Payments ("Coverage C"), or Coverage D – Professional Liability ("Coverage D") of the Policy for the Underlying Action. Therefore, MUSIC had, and has, no duty to defend AFM or Liebhold against the Underlying Action under Coverage A, Coverage B, Coverage C, or Coverage D of the Policy.

4. Judgment is hereby entered against AFM and Liebhold, and in favor of MUSIC, on MUSIC's Fourth Cause of Action for Declaratory Relief – No Duty to Indemnify as to the Underlying Action. Indemnity coverage did not, and does not, exist for AFM or Liebhold under Coverage A, Coverage B, Coverage C, or Coverage D of the Policy for the Underlying Action. Therefore, MUSIC had, and has, no duty to indemnify Marina Massage, LLC or Kuch against the Underlying Action under Coverage A, Coverage B, Coverage C, or Coverage D of the Policy.

5. Judgment is hereby entered against AFM and Liebhold, and in favor of MUSIC, on MUSIC's Fifth Cause of Action for Declaratory Relief - No Defense Or Indemnity Coverage Upon Exhaustion Of Coverage E's Insurance Limit. Upon exhaustion of the $25,000 limit of Coverage E – Abuse or Molestation Liability ("Coverage E") of the Policy, MUSIC will have no further defense or indemnity obligation under Coverage E of the Policy, MUSIC may withdraw from the defense of AFM and Liebhold against the Underlying Action, and MUSIC will have no duty to indemnify AFM or Liebhold against the Underlying Action.

6. MUSIC shall be entitled to recover its costs of suit.

**IT IS SO ORDERED.**

Dated: November 14, 2022

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE